# RULES OF JUDICIAL ADMINISTRATION

**—The Rule 605 rule text is deleted in its entirety and replaced with the following rule text—**

Rule 605.  Supervision of Magisterial District Courts by President Judges

In the interest of efficient administration of the judicial district, the president judge of the court of common pleas of a judicial district shall exercise general supervision and administrative authority over magisterial district courts within the judicial district.  The administrative authority of the president judge over magisterial district courts within the judicial district includes, but is not limited to, and shall be governed by, the following:

(A)  *Administration of District Courts.*

(1)  *Records*—Personnel and other records shall be maintained in such form as directed by the president judge or required by general or local rule.

(2)  *Staff in the Magisterial District Courts*—

    (a)  The president judge, in the interest of efficient administration of the judicial district:

        (i)      retains the final authority to hire, supervise, and fire staff in the magisterial district courts in the judicial district.  In accordance with such authority, the president judge may establish minimum qualifications, a classification system and job description for all authorized staff, and general procedures regarding the hiring, firing, supervision, and discipline of all authorized staff;

        (ii)    may transfer or reassign staff members from one court to another.  Ordinarily, such transfer or reassignment should occur only after consultation with the magisterial district judges involved.  Absent extraordinary circumstances, the president judge may transfer or reassign personal staff only with the consent of the magisterial district judge;

        (iii)   may assign, as appropriate, temporary or floater staff;

        (iv)   may establish performance evaluations and procedures for staff, including personal staff, in the magisterial district courts in the judicial district which shall be utilized by the magisterial district judges; and

        (v)    may prescribe training for staff in the magisterial district courts in the judicial district.

(b) The magisterial district judge, subject to the provisions set forth above and in the interest of the efficient administration of the judicial district:

(i) may select one authorized staff member as personal staff and assign the duties of the personal staff;

(ii) shall have general day-to-day supervisory authority, in coordination with county court administration and the court's human resources designee, over the staff in his or her court, and ordinarily shall participate in the selection, hiring, disciplining and firing of court staff;

(iii) shall be responsible for the daily operation of his or her court in accordance with the Rules Governing Standards of Conduct of Magisterial District Judges and any state or local rules or administrative orders; and

(iv) shall be responsible for the assignment of work in accordance with job descriptions among authorized staff in his or her court.

(3) *Office Hours*—The president judge may designate the hours that the magisterial district courts shall be open for official business in the judicial district. The approved office hours shall be posted in a conspicuous place on the premises in which the office is located and posted on the judicial district's website.

(4) *Procedural Audits*—The president judge may direct that procedural audits of a magisterial district court be conducted to assure compliance with general and local rules, administrative policies and procedures, and the clerical procedures adopted by the Administrative Office for management of cases in the Magisterial District Judge System. Such procedural audits shall be separate from the fiscal audits conducted by the county controller or state Auditor General, which shall be limited in scope to the accounts of the magisterial district judge. Such procedural audits may be conducted by the district court administrator, an outside independent auditor, or such other person as the president judge may designate.

(5) *Temporary Assignments: Transfer of Cases*—In consultation with the affected magisterial district judge(s), the president judge may order temporary assignments of magisterial district judges or reassignment of cases or certain classes of cases to other magisterial districts within the judicial district or central courts within the judicial district.

(B) *Supervision of Magisterial District Judges.*

(1) *Meetings with Magisterial District Judges*—The president judge may require the attendance of magisterial district judges in the judicial district, individually or collectively, at meetings with the president judge or his or her representative.

(2) *Magisterial District Judge Leave: Coverage During Leave*—To ensure access to the courts and the efficient use of judicial resources, the president judge may establish a policy in the judicial district that requires magisterial district judges to provide reasonable advance notice of their leave, except when leave must be taken due to exigent circumstances, in which case, magisterial district judges shall notify the president judge, or designee as promptly as possible. Subject to reasonable coordination with the president judge and any policy promulgated by the president judge, and with regard to the schedules of the other magisterial district judges in the judicial district, magisterial district judges shall enjoy autonomy with respect to choosing when to take leave.

(3) *Conduct of Magisterial District Judges*—When a complaint is received with respect to the conduct of a magisterial district judge, the president judge may, in his or her discretion, review the matter with the affected magisterial district judge and take any action the president judge deems appropriate to ensure the efficient administration of justice, including, where warranted, informing the appropriate disciplinary authority. Contemporaneous notice of any such action taken by the president judge resulting in reassignment of cases or otherwise affecting the duties of the magisterial district judge shall be given to the Court Administrator.

*Note:* The substance of this rule was taken from Rule 17 of the Rules Governing Standards of Conduct of Magisterial District Judges, rescinded March 26, 2015.

The Pennsylvania Constitution vests the Supreme Court with supervisory and administrative authority of the Unified Judicial System, including the power to prescribe general rules governing the practice, procedure, conduct, and administration of all courts, as well as the supervision of all officers of the Judicial Branch. Through this rule, the Supreme Court delegates general supervision and administrative authority over the magisterial district courts in a judicial district to the president judge. While the president judge, as in other matters, may delegate certain tasks to colleagues or administrators, the ultimate responsibility rests with the president judge.

This rule recognizes that magisterial district judges are the judicial officials charged with the legal and administrative responsibilities within their respective magisterial districts. Designed to further the efficient and effective administration of justice in the Unified Judicial System, this rule contemplates a cooperative approach to the administration of the magisterial district courts, acknowledging the supervisory role of the president judges to administer the magisterial district judge courts within their judicial district. See Canon 2, Rule 2.5 of the Rules Governing Standards of Conduct of Magisterial District Judges (requiring a magisterial district judge to cooperate with other magisterial district judges and court officials in the administration of court business).

Rule 605 was amended in 2021 to more specifically outline the authority, powers, and responsibilities of the president judge with regard to the management of the magisterial district courts. In so doing, however, it was not intended that this be an exclusive list of powers and responsibilities. Given the diverse needs of judicial districts throughout Pennsylvania, how president judges exercise this authority appropriately will vary. In

general, president judges have broad authority with regard to the management of the magisterial district courts.

The term "authorized staff" as used in this rule means staff positions that have been approved and assigned by the president judge in accordance with all applicable personnel policies and procedures.

Paragraph (A)(2)(a)(i) gives president judges final authority to hire, supervise, and fire staff in the magisterial district courts in the judicial district. Consistent with the contemplated cooperative approach to the administration of the magisterial district courts, president judges should endeavor to involve the affected magisterial district judges in the relevant decisions, subject to the requirements of the remainder of paragraph (A)(2).

Paragraph (A)(2)(a)(ii) gives president judges authority to transfer or reassign magisterial district court staff as needed. It is contemplated that president judges will consult with and give sufficient notice to the affected magisterial district judges before making any staff transfers. However, extraordinary circumstances at times may require a president judge to exercise his or her authority to transfer or reassign magisterial district court staff, including personal staff, without consultation with the magisterial district judge. For example, the president judge is responsible for ensuring compliance with the Unified Judicial System's Policy on Non-Discrimination and Equal Employment Opportunity and the Code of Conduct for Employees of the Unified Judicial System and may need to enforce these Unified Judicial System policies without consulting the magisterial district judge.

Nothing in paragraph (A)(2)(a)(v) is intended to circumvent any training program established or required by the Supreme Court or the Court Administrator.

With regard to paragraphs (A)(2)(b)(i), (ii) and (iv), see 42 Pa.C.S. §§ 102 and 2301(a)(1), and Canon 2, Rules 2.3(B), 2.8(B), 2.9(A)(3) and (D), 2.10(C), 2.12 and 2.13, of the Rules Governing Standards of Conduct of Magisterial District Judges, relating to the performance of duties of judicial office impartially, competently, and diligently and requiring similar conduct of court staff.

With regard to paragraph (A)(3), see Canon 2, Rule 2.1 of the Rules Governing Standards of Conduct of Magisterial District Judges (Giving Precedence to the Duties of Judicial Office). The provisions of former Pa.R.M.D.J. 103 (Office Schedules) were incorporated into paragraph (A)(3).

As to paragraph (A)(4), see Canon 2, Rule 2.5 of the Rules Governing Standards of Conduct of Magisterial District Judges (Competence, Diligence and Cooperation). The magisterial district judge in any district being audited will cooperate fully and will instruct his or her staff to do likewise.

As to paragraph (A)(5), compare Pa.R.Crim.P. 131(B), relating to central locations for preliminary hearings and summary trials. In addition, if the judicial district is part of a

regional administrative unit, magisterial district judges may be assigned to any other judicial district in the unit. See Pa.R.M.D.J. 112 and Pa.R.J.A. No. 701(E).

With regard to paragraph (B)(1), president judges are encouraged to meet regularly with the magisterial district judges in the judicial district to foster and maintain open lines of communication regarding the management of the magisterial district courts.

With regard to paragraph (B)(2), see Canon 2, Rules 2.1 and 2.5 (Giving Precedence to Duties of Judicial Office; Competence, Diligence and Cooperation), and Canon 3, Rules 3.1(A), 3.7(A)-(B), 3.8, 3.10, and 3.11(C), of the Rules Governing Standards of Conduct of Magisterial District Judges, relating to conducting personal and extrajudicial activities to minimize the risk of conflict with the obligations of judicial office.

Nothing in paragraph (B)(3) is intended to contradict or circumvent the constitutionally established process for the suspension, removal, and discipline of magisterial district judges. *See* Pa. Const. art. V, § 18; *see also* 207 Pa. Code Part III (Judicial Conduct Board Rules of Procedure) and Part IV (Court of Judicial Discipline Rules of Procedure). Except as provided by law or rule, president judges do not have the authority to suspend or discipline magisterial district judges.

**RULES GOVERNING STANDARDS OF CONDUCT
OF MAGISTERIAL DISTRICT JUDGES**

Rule 2.1 Giving Precedence to the Duties of Judicial Office

The duties of judicial office, as prescribed by law, shall ordinarily take precedence over a magisterial district judge's personal and extrajudicial activities.

*Comment:*

(1) Magisterial district judges shall devote the time necessary for the prompt and proper disposition of the business of their office, which shall be given priority over any other occupation, business, profession, pursuit or activity. A magisterial district judge's personal and extrajudicial activities should be arranged so as not to interfere unreasonably with the diligent discharge of the magisterial district judge's duties of office. ***See also* Pa.R.J.A. No. 605 (Supervision of Magisterial District Courts by President Judges).**

(2) To ensure that magisterial district judges are available to fulfill their judicial duties, magisterial district judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. *See* Canon 3.

(3) Although it is not a duty of judicial office unless prescribed by law, magisterial district judges are encouraged to participate in activities that promote public understanding of and confidence in the administration of justice.

(4) Magisterial district judges shall not use or permit the use of premises established for the disposition of their magisterial business for any other occupation, business, profession or gainful pursuit.

**RULES AND STANDARDS WITH RESPECT TO**
**OFFICES OF MAGISTERIAL DISTRICT JUDGES**

Rule 103. Office Schedules. **[Rescinded]**

**[The magisterial district judge of each magisterial district shall establish a schedule of regular sessions and hours during which his office or offices will be open for the conduct of business. The schedule will be submitted for approval to the president judge of the court of common pleas of the judicial district in which the office is located, and upon approval shall be posted in a conspicuous place on the premises in which the office is located. The schedules of all magisterial district judges located within a judicial district shall be posted in such place within the court house of that district as the president judge shall designate.]**

*Comment:* **Provisions of former Rule 103 were incorporated in Pa.R.J.A. No. 605.**